# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

**Alfa Mutual Insurance Company,**
**as Subrogee of its Insured, Alma Fountain,**

    **Plaintiff,**

vs.

                                               **Case No.:** _____

**United States of America,**

    **Defendants.**

## COMPLAINT

**COMES NOW** the Plaintiff, Alfa Mutual Insurance Company, as subrogee of its Insured, Alma Fountain, for it's complaint against the Defendant, United States of America, and state and allege as follows:

## PARTIES

1. Plaintiff Alfa Mutual Insurance Company is a company which does business in Alabama.

2. Defendant United States of America is Federal Government Entity.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over all claims in this case under 28 U.S.C. § 1331, 28 U.S.C. § 1346(b)(1), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq.

4. Venue is proper in the Middle District of Alabama under 28 U.S.C. §§ 1391, 1402(b) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTS

5. On or about December 11, 2023, Alma Fountain was the owner and/or operator of a vehicle being operated in Montgomery County, Alabama. Shendale Russell was operating a vehicle which and struck Alma Fountain's vehicle.

6. At the time of the accident, Shendale Russell (hereinafter "Russell") was an employee with the United States Postal Service and working within the line and scope of her federal employment.

7. At all times relevant to this Complaint, Alma Fountain's vehicle was insured by Plaintiff Alfa Mutual Insurance Company.

8. Alma Fountain filed a claim with Alfa Mutual Insurance Company, and Alfa Mutual Insurance Company paid Alma Fountain $9,672.47 for property damages resulting from the aforementioned collision.

9. Alma Fountain's insurance policy with Alfa Mutual Insurance Company provided Alfa Mutual Insurance Company a subrogation interest in any amount paid to its insured due to the fault of a third party. It also provided that Alma Fountain was required to pay a deductible of $500.00. Alma Fountain paid a $500.00 deductible for the damages resulting from the aforementioned collision.

## COUNT I

10. Plaintiff incorporates by reference the averments in Paragraphs 1-9 of its Complaint as if the same were set forth herein.

11. Russell negligently and/or wantonly caused or allowed a motor vehicle he/she was driving to collide with Alma Fountain's vehicle and as a proximate consequence damaged the vehicle and/or rendered it less valuable.

12. At all times relevant to this Complaint, Russell was an employee of the United States Postal Service, which is an Agency of The United States of America.

13. Russell was acting within the course and scope of her employment with the United States Postal Service.

14. Russell's employment and conduct at the time of the accident was for the benefit the United States of America.

15. Under the doctrine of *Respondent Superior*, Defendant United States of America is liable for the negligent conduct of its agents, servants, and/or employees and therefore liable for the negligent and/or wanton conduct of Russell.

16. Under the Federal Tort Claims Act, Defendant United States of America is liable for Russell's actions.

17. Plaintiffs are entitled to damages against the United States for negligence and/or wantonness to the full extent allowed under Alabama law and the Federal Tort Claims Act, in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff demands judgment against United States of America in the amount of $9672.47, plus any other damages proved in trial, interest, and the costs of this action.

RESPECTFULLY SUBMITTED,

   s/Zack M. Azar
Zack M. Azar (AZA004)
Attorney for Plaintiffs

OF COUNSEL:
AZAR & AZAR L.L.C.
3309 Malcom Drive
Montgomery, AL 36116
(334) 265-8551
(334) 264-9453 (facsimile)